1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DAVID M. TUTTELMAN,                    No. C 02-02656 WHA

11           Plaintiff,

12     v.                                   **ORDER DENYING MOTION FOR
                                            SUMMARY JUDGMENT**
13   CITY OF SAN JOSE, ANTHONY LUISI
     AND RONALD BAYS,
14
            Defendants.
15   _____/

16

17                           **INTRODUCTION**

18       In this civil-rights action, defendant police officer Ronald Bays moves for summary

19   judgment on plaintiff David M. Tuttelman's claim of battery and unreasonable force arising out

20   of his arrest in San Jose.  Defendant argues that the claim is barred because plaintiff did not

21   satisfy the prerequisite of filing a proper administrative tort claim with the City of San Jose.

22   Plaintiff, however, filed a claim that complied substantially with the statutory requirements.

23   The motion therefore is **DENIED**.  Defendants have withdrawn their motion for summary

24   judgment on the issue of the city's liability.

25                           **STATEMENT**

26       Plaintiff, who represents himself but is a licensed attorney, alleges in his second

27   amended complaint that he was battered, suffered the use of unreasonable force and

28   unconstitutionally searched and seized during a traffic stop on the night of June 28–June 29,

     1998.  He contends that he was falsely arrested and imprisoned, was deprived of due process of

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  law, was maliciously prosecuted and suffered intentional and negligent infliction of emotional

2  distress.  He also accuses defendants of conspiracy and negligence.  These claims invoke the

3  Constitution and state law.

4        Defendant filed an administrative claim with the City of San Jose for his damages

5  arising out of these incidents.  The claim alleged that he was detained unlawfully by Officers

6  Bays and Anthony Luisi.  Plaintiff further asserted that both men demanded that he submit to a

7  search of his person and vehicle.  He claims that when he demanded an explanation for the

8  officers' actions, defendant Luisi kicked him, put him into a headlock, bent his wrist, placed

9  handcuffs on him, slammed him into the side of a patrol car and threw him into its back seat.

10  Both officers allegedly then subjected him to a search, arrested him and took him to jail

11  (Plaintiff's Claim ¶¶ 4–5, Req. for Judicial Notice by Defs., Exh. G).

12        After filing the claim, the City of San Jose investigated.  It obtained a copy of the

13  relevant crime report, reviewed the case file for the criminal action against Mr. Tuttelman and

14  interviewed Officers Bays and Luisi (San Jose Police Dep't Prof. Standards & Conduct Unit,

15  Report, PSCU Case No. 99060029, Tuttelman Decl., Exh. 1 (Jan. 20, 2006).  The police report

16  contained narratives by both defendants Luisi and Bays.  Luisi stated that "officer Bays placed

17  S[uspect]/Tuttelman [sic] in a wrist lock.  Officer Bays and I then handcuffed S/Tuttelman [sic]

18  behind his back" (Luisi, Police Report at 4, Case No. 98-179-1420 (June 29, 1998), Tuttelman

19  Decl., Exh. 1).  Bays stated "I assisted Ofc. Luisi by placing a dept. approved wrist lock on

20  Tuttelman [sic] after I pried his arms apart.  After I applied the wrist lock to Tuttelman's [sic]

21  right wrist, he complied to Ofc. Luisi's instructions and was handcuffed" (Continuation of

22  Report at 3, Tuttelman Decl., Exh. 1).

23        The final report by the Professional Standards and Conduct Unit examined whether

24  "Officers Luisi and Bays use[d] unnecessary force during the arrest."  It stated that "[t]he

25  complainant was lying face down and had his arms underneath his body. . . .  Officer Bays said

26  he pulled an arm from underneath the complainant and placed him in a wristlock."  The unit

27  concluded its report by stating that it had exonerated Officer Bays and Officer Luisi of the

28

2

1   accusations of unlawful force (Confidential Report at 5–7).  The report was approved by the

2   chief of police (Tuttelman Decl, Exh. 1).

3   **ANALYSIS**

4   Summary judgment is proper where the pleadings, depositions, declarations, attached

5   documents and other evidence "show that there is no genuine issue as to any material fact and

6   that the moving party is entitled to judgment as a matter of law."  FRCP 56(c), (e); 28 U.S.C.

7   1746 ( allowing substitution of declaration made under penalty of perjury for sworn affidavits).

8   A nonmoving party who bears the ultimate burden of proof at trial must "designate specific

9   facts showing there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

10  (1986).  A genuine dispute as to a material fact exists if there is sufficient evidence for a

11  reasonable jury to return a verdict for the nonmoving party.  On summary judgment, the

12  "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in

13  his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252, 255 (1986).

14  **1.   JUDICIAL NOTICE.**

15  Defendants and plaintiff both request judicial notice of certain items.  Under Federal

16  Rule of Evidence 201, a court must take judicial notice of adjudicative facts if a party requests it

17  to, if it is supplied with the necessary information to decide the request and if the facts are "not

18  subject to reasonable dispute" because they are "capable of accurate and ready determination by

19  resort to sources whose accuracy cannot reasonably be questioned."

20  The time has passed for parties to object to the requests.  They have not done so.  All but

21  one of the items are either not adjudicative facts — and thus not subject to judicial notice — or

22  irrelevant given the withdrawal of the motion for summary judgment on the city's liability.  No

23  notice therefore is taken of any item except plaintiff's administrative tort claim (*see* Defs.' Req.

24  for Judicial Notice, Exh. G).

25  **2.   BATTERY AND UNREASONABLE FORCE CLAIM.**

26  Defendant Bays does not contend that plaintiff failed to file a claim.  He claims instead

27  that, because the claim described only violence by Officer Luisi, it was insufficient to exhaust

28  the administrative-claim requirement as to the battery and unreasonable force now alleged

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   against him.  Defendant Bays argues that because the claim did not name him as an assailant, it

2   cannot be maintained now (Br. 7).  Because the tort claim is only a requirement under

3   California law, this motion does not apply to any of plaintiff's federal claims.

4          Submission of a tort claim to a California public entity is a prerequisite to bringing a tort

5   lawsuit for money damages against that entity and its employees.  Cal. Gov't Code §§ 945.4,

6   950.2, 950.4, 950.6.  The claim must include the "date, place and other circumstances of the

7   occurrence or transaction which gave rise to the claim, . . . [a] general description of the

8   . . . injury, damage or loss . . . and [t]he name or names of the public employee or employees

9   causing the injury, damage, or loss, if known." Cal. Gov't Code § 910 (c)–(e).

10         The claim does not need to be a masterwork of detail:

11         The purpose of these statutes is to provide the public entity sufficient
           information to enable it to adequately investigate claims and to settle them,
12         if appropriate, without the expense of litigation.  Consequently, a claim
           need only fairly describe what the entity is alleged to have done.  As the
13         purpose . . . is to give the government entity notice sufficient for it to
           investigate and evaluate the claim, not to eliminate meritorious actions, the
14         claims statute should not be applied to snare the unwary where its purpose
           has been satisfied. . . .   "The claim . . . need not to specify each particular
15         act or omission . . . .  A complainant's fuller exposition of the factual basis
           beyond the claim is not fatal, so long as the complaint is not
16         based on an entirely different set of facts.  Only when there has been a
           complete shift in allegations, usually involving an effort to premise civil
17         liability on acts or omissions committed at different times or by different
           persons than those described in the claim, have courts generally found the
18         complaint barred.

19   *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446–47

20   (2004).  "If the claim satisfies the purpose of the act without prejudice to the government,

21   substantial compliance will be found."  *Elias v. County of San Bernardino*, 68 Cal. App. 3d 70,

22   74 (Cal. Ct. App. 1977).

23         In the instant case, plaintiff substantially complied with the act.  Not only did the claim

24   put the City of San Jose adequately on notice of the alleged facts, but the city actually

25   investigated whether defendant Bayes had used unreasonable force.  Any reasonable

26   investigation of plaintiff's claim would have included a review of the police report by officers

27   Luisi and Bays.  Indeed, the city's first step was just that.  The report disclosed, in both officers'

28   narratives, that officer Bays had used "wrist lock" on plaintiff.  Officer Luisi's narrative stated

4

that Bays helped to handcuff plaintiff.  Officer Bays's himself recounted that he pried plaintiff's arms apart.  Bays's use of force was not overlooked as the city investigated the claim.  It noted that Officer Bays had pulled plaintiff's arm from underneath plaintiff and put him in a wrist lock.  The city specifically exonerated officer Bays for the conduct now alleged to undergird the battery and unreasonable force claim against him.

The claim did not need to describe that officer Bays used force on plaintiff.  It is unclear whether plaintiff knew of that fact when he filed the claim.  As the wrist lock was applied, Mr. Tuttelman was lying face down, making it difficult to see who was applying it (*see* Continuation of Report at 3, Tuttelman Decl., Exh. 1).  The complaint is not "based on an entirely different set of facts" than the claim.  There has not been "a complete shift in allegations."  *See Stockett*, 34 Cal. 4th at 447.  Although the complaint alleges that an additional person engaged in the battery and unreasonable use of force, that person (officer Bays) did not go unnamed in the tort claim.  He was treated in the claim as a major player.  On these facts, the purposes of the statute were satisfied, the city suffered no prejudice and the claim therefore cannot be barred on this motion.

Before this case was transferred from Judge Jeremy Fogel, he denied plaintiff's motion for summary judgment as to defendants' affirmative defenses that the complaint was barred for failure to comply with the tort claims act and because it exceeds the scope of the tort claim presented to the City of San Jose.  Judge Fogel stated that because plaintiff's tort claim "provided no indication that Tuttelman's injuries were alleged to arise from any battery or use of force by Bays . . . Tuttelman has failed to demonstrate substantial compliance with either the requirements of or the purposes underlying the tort claims act."  Order (Sept. 2, 2005).

It is unclear whether the parties presented the same evidence to Judge Fogel as they have given this Court.  The current evidence shows that the city in fact investigated alleged battery by defendant Bays, thus demonstrating that the purposes of the Tort Claims Act were fulfilled, that defendants were not prejudiced and that the city had adequate notice.

**CONCLUSION**

For the reasons stated, defendant Bays's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 27, 2006

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California