IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. TUTTELMAN,

    Plaintiff,

v.

CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, SAN JOSE POLICE OFFICER ANTHONY LUISI, SAN JOSE POLICE OFFICER RONALD BAYS,

    Defendants.

No. C 02-02656 WHA

**ORDER APPROVING PARTIES' STIPULATED ORDER RE MOTIONS *IN LIMINE* SUBJECT TO LIMITATIONS**

The Court approves the parties' stipulated form order regarding their motions *in limine*. The Court, however, wishes to make the following clarifications:

**1.   DEFENDANTS' MOTION *IN LIMINE* NO. 1:**

Defendants seek to exclude seven separate areas of opinion which plaintiff's expert Frank Saunders was expected to give at trial. The expert witness testimony of Frank Saunders and all other experts shall be limited by the following standards:

(a)   To the extent an expert report was prepared for any retained expert, the expert will be limited to what is in his or her report. Parties cannot remedy any deficiencies by referring to any subsequent deposition.

(b)   The expert will not be allowed to give any testimony regarding what the law states.

      (c)    The experts cannot testify as to what is in someone's mind.

      (d)    The experts must make it clear that they are testifying on an assumed set of facts.

This motion is **GRANTED TO THE EXTENT STATED**.

**2.    DEFENDANTS' MOTION *IN LIMINE* NO. 2:**

Defendants seek to exclude evidence regarding various aspects of the criminal prosecution arising from plaintiff's arrest by defendants. The motion is **GRANTED IN PART**. The jury may be advised of the following facts at trial:

      (a)    Plaintiff was arrested for a felony violation of Penal Code section 243 (Battery on a Police Officer), and a misdemeanor violation of Penal Code section 148 (Resisting or Obstructing Peace Officer);

      (b)    Plaintiff was taken to the police station and booked on these charges;

      (c)    The Santa Clara County District Attorney's Office eventually charged plaintiff with misdemeanor offenses, not felony charges; and

      (d)    The Santa Clara County District Attorney's Office eventually allowed plaintiff to plead guilty to a vehicle code infraction (Obstructed View of License Plate). The Court shall instruct the jury that it need not be concerned with or speculate regarding what happened during the criminal prosecution, and that what happened in the criminal prosecution is not determinative of the issues in this case and should not influence any of the decisions the jury has to make in this case. Plaintiff is barred from introducing any evidence of either of the state court orders regarding his motion to suppress evidence in the underlying criminal action.

**3.    DEFENDANTS' MOTION *IN LIMINE* NO. 3:**

Defendants seek to exclude evidence regarding prior internal affairs complaints against the defendant officers and evidence of additional misconduct complaints made against other officers within the San Jose Police Department. The motion is **GRANTED** without prejudice.

1  If plaintiff wishes to introduce evidence of any internal affairs complaints, the Court will
2  entertain an offer of proof. Plaintiff must give defendants at least 48 hours' advance notice of
3  such an offer so defendants will be able to respond.

4  **4.  DEFENDANTS' MOTION *IN LIMINE* NO. 4:**

5  Defendants seek to exclude evidence and argument that the police had no legitimate basis
6  for the initial vehicle stop and that the stop was conducted pursuant to some improper pretext.
7  The motion is denied with limitations. The jury may be presented with brief evidence of what
8  led up to plaintiff's vehicle stop. Specifically, the basic facts of the stop, what the officers saw,
9  why the officers stopped the plaintiff, and all conversation leading up to the stop should be
10 presented. Plaintiff is barred, however, from introducing any evidence or argument that the
11 officers had no right to stop him. The jury will be advised that no claim is made that the stop
12 itself was unlawful.

13 **5.  DEFENDANTS' MOTION *IN LIMINE* NO. 5:**

14 Defendants seek to exclude evidence or arguments that they should have employed less
15 intrusive measures to detain or search plaintiff during the underlying traffic stop. The motion is
16 **DENIED**. This issue should be addressed in the jury instructions.

17 **6.  PLAINTIFF'S MOTION *IN LIMINE* NO. 1:**

18 Plaintiff seeks to exclude testimony from defendants' experts Lt. David Cavallaro and
19 Dr. Beth Keegstra. The motion is denied. Defendants were not required to provide expert
20 reports for these witnesses since they are not retained experts.

21 **7.  PLAINTIFF'S MOTION *IN LIMINE* NO. 2:**

22 Plaintiff seeks to exclude evidence regarding plaintiff's employment history. The motion
23 is **GRANTED**.

24
25 **IT IS SO ORDERED.**
26
27 Dated: October 16, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE