IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. TUTTELMAN,

    Plaintiff,

  v.

SAN JOSE POLICE OFFICER ANTHONY LUISI,
SAN JOSE POLICE OFFICER RONALD BAYS,

    Defendants.
                                 /

No. C 02-02656 WHA

**COURT'S PROPOSED CHARGE TO THE JURY
[AND SPECIAL VERDICT FORM]**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on **NOVEMBER 1, 2006**, for discussion with the Court at a second charging conference on **NOVEMBER 2, 2006.** Counsel are reminded that all objections, additions, or modifications must be made at the charging conference or else they shall be deemed waived.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. TUTTELMAN,      No. C 02-02656 WHA

    Plaintiff,

v.

SAN JOSE POLICE OFFICER ANTHONY LUISI,
SAN JOSE POLICE OFFICER RONALD BAYS,

    Defendants.
_____/

**[DRAFT]**
**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions, read into evidence; and

4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has

been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.  You should base your decision on all of the evidence regardless of which party presented it.

4.

In reaching your verdict, you may consider only the types of evidence I have described.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

3. Objections by lawyers are not evidence.  Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence.  You should not be influenced by any question, objection or the Court's ruling on it.

4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

4

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and
7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

7.

5

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

10.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

6

11.

You should decide the case as to each defendant separately and as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

12.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

13.

On any claim, if you find that plaintiff carried his burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry his burden of proof as to each element, you must find against plaintiff on that claim. This same principle also supplies to defendants on claims for which it has the burden of proof.

14.

I will now turn to the specifics of this case. Plaintiff David Tuttelman contends that his federal civil rights were violated when Officers Ronald Bays and Anthony Luisi used excessive force when they arrested him. He also contends that the officers subjected him to an unlawful arrest under the Fourth Amendment. Plaintiff also seeks to recover from defendants for an alleged violation of California law — namely, that the officers interfered with his right to free speech by threatening or committing violent acts. In contrast, defendants argue that plaintiff was lawfully arrested because he assaulted Officer Luisi and resisted arrest.

15.

As you know, the events in this case occurred in 1998. Please do not speculate concerning the reason for delay in bringing this case to trial. This case is not barred by any statute of limitations.

16.

In this case you have heard evidence about the initial stop. As I have told you, no claim is made in this case that the initial stop of his vehicle was improper.

You have heard evidence that Officer Luisi attempted to perform a pat search on Mr. Tuttelman. Officers are entitled to perform pat searches in such circumstances only if certain requirements are present. In this case, you do not need to determine whether or not the attempted pat search was lawful.

You have heard evidence concerning these events as background to the issues you do have to decide. You have to decide whether defendants Officer Luisi and Officer Bays used excessive force against Mr. Tuttelman, whether they unlawfully arrested him, and whether they interfered with his right to free speech by threatening or committing violent acts.

17.

You need not be concerned with or speculate regarding what happened during plaintiff's criminal prosecution. What happened in the criminal prosecution is not determinative of the issues in this case and should not influence any of the decisions you make in this case.

18.

I will now give you the details on the law governing these claims. Plaintiff's first claim is alleged under a federal civil-rights act. Section 1983 of Title 42 of the United States Code allows individuals to sue for violations of rights protected under the United States Constitution. To establish this Section 1983 claim, plaintiff has the burden to prove all of the following elements by a preponderance of the evidence against each defendant:

    (1)    the acts of each defendant were intentional;

    (2)    each defendant acted under color of state law; and

    (3)    the acts of the defendant caused the deprivation of the plaintiff's Fourth Amendment rights.

8

If you find that each of the elements on which plaintiff has the burden of proof has been proven, your verdict should be for plaintiff. If, on the other hand, plaintiff has failed to prove one or more of these elements, your verdict should be for defendant.

19.

Each element will now be explained more fully. *First,* you must find that the acts of each defendant were intentional. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of accident or negligence. An act may be intentional even if the act was committed without malice or ill will.

20.

*Second*, acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Officer Bays and Officer Luisi acted under color of law.

21.

*Third*, plaintiff must show that defendants' conduct "caused" plaintiff to be deprived of his Fourth Amendment rights. The law defines cause in its own particular way. A cause of injury is something that is a substantial factor in bringing about the injury. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of harm.

22.

The Fourth Amendment, one of the amendments that make up the Bill of Rights, guarantees "the right of the people to be secure in their persons . . . against unreasonable searches and seizures." Plaintiff claims that the defendants, by using excessive force in making an arrest, deprived plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable seizure.

Under the Fourth Amendment, a law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make an arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making an arrest. In deciding

whether excessive force was used, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances. Some of the things you may want to consider in determining whether the defendants used excessive force are the severity of the crime at issue, whether the plaintiff posed a reasonable threat to the safety of the officers or others, and whether the plaintiff was actively resisting detention or attempting to escape.

Under the Fourth Amendment, a police officer need not use the least intrusive degree of force possible in a given situation. He need only act within that range of conduct which we identify as reasonable. Whether an officer hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is not the issue. The issue is whether the force used was reasonable, viewing the facts from the perspective of a reasonable officer on the scene.

23.

Whenever a citizen is stopped by a police officer, he or she has a right to inquire of the officer why he or she is being stopped. On the other hand, if the person stopped becomes hostile, then the officers may take that fact into account in determining whether that person presents a threat to officer security. Of course, any such determination must be reasonable, considering all of the facts and circumstances.

24.

Plaintiff also claims that he was unlawfully arrested in violation of the Fourth Amendment. A Fourth Amendment arrest occurs when a police officer, by means of physical force or show of authority, restrains the liberty of a citizen in such a way that a reasonable citizen would reasonably believe under the circumstances that he or she was not free to leave. Whether a person is placed under arrest depends upon all the surrounding circumstances,

including the extent that freedom of movement is curtailed and the degree and type of force or authority used to effectuate the arrest.

25.

A warrantless arrest by a law enforcement officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.

Probable cause exists if, under the totality of the circumstances known to the arresting officer, a prudent officer would have concluded that there was a fair probability that the individual had committed a crime.

26.

You have heard evidence that the charges on which Mr. Tuttelman were arrested were reduced to a traffic infraction and that Mr. Tuttelman pled *nolo contendere* to the infraction. This does not mean that the more serious charges for which Mr. Tuttelman were arrested were unsupported by probable cause. You have been allowed to hear evidence of these subsequent events in order to place the story in its entire context and to avoid confusion. You should not speculate why the district attorney made the decision to reduce the charges. Whether or not the police had the probable cause to make the arrest in question is a decision you have to make based on the evidence presented at this trial.

27.

If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being searched or arrested by a peace officer, it is the duty of such person to refrain from using any force or any weapon to resist such search or arrest. This is true even if the officer lacks sufficient cause to conduct the search or make the arrest. On the other hand, if an officer uses excessive force to carry out a search or arrest against any individual, the individual has a right to protect himself from the excessive force through reasonable self-defense.

28.

Every person who willfully resists, delays, or obstructs any police officer in the discharge or attempt to discharge any duty of his office or employment, and who knows or reasonably

should know the other person is a police officer engaged in the performance of his duties, is guilty of a violation of California Penal Code Section 148, subdivision (a)(1). A violation of this statute is a misdemeanor. A police officer is discharging or attempting to discharge his duties if he is lawfully detaining or attempting to detain a person for questioning or investigation. A person is not guilty of this statute if the police officer was not acting lawfully at the time. If you find that plaintiff violated this statute or that the officers could reasonably have believed that plaintiff violated it, you must find that defendants had probable cause to arrest plaintiff following any such violation.

29.

Pursuant to California Penal Code Section 243, subdivisions (b) and (c), every person who willfully and unlawfully uses any force or violence and inflicts injury upon the person of a peace officer engaged in the performance of his duties, and who knows or reasonably should know that the other person is a peace officer and is engaged in the performance of his duties, is guilty of the crime of a violation of Penal Code Section 243.

As used in this instruction, the words "force" and "violence" are synonymous and mean the wrongful application of physical force against the person of another.

"Injury" means any physical injury which requires professional medical treatment. It is the nature, extent, and seriousness of the purported injury that is determinative — not whether the allegedly injured party sought medical treatment.

Violation of this section is established where:

(1) A person willfully and unlawfully applied physical force against the person of a peace officer;

(2) At that time the peace officer was engaged in the performance of his duties;

(3) The person who applied the physical force knew or reasonably should have known that the other person was (a) a peace officer, and (b) engaged in the performance of his duties; and

(4) Injury was inflicted on the peace officer.

1  A person is not guilty of this statute if the police officer was not acting lawfully at the
2  time.
3  If you find that plaintiff violated this statute or that the officers could reasonably have
4  believed that plaintiff violated it, you must find that defendants had probable cause to arrest
5  plaintiff following any such violation.

30.

Plaintiff also makes a state-law claim.  Plaintiff alleges that defendants Officer Bays and Officer Luisi violated California Civil Code Section 52.1.  Section 52.1 imposes liability on a defendant who intentionally interferes with or attempts to interfere with a person's civil rights by threatening or committing violent acts.  To establish this claim, plaintiff must prove all of the following:

(1) That Officer Luisi or Officer Bays interfered with or attempted to interfere with plaintiff's First Amendment right to free speech by threatening or committing violent acts;

(2) That Officer Luisi or Officer Bays injured plaintiff to prevent him from exercising his right to free speech or retaliated against plaintiff for having exercised his right to free speech;

(3) That plaintiff was harmed; and

(4) That the conduct of Officer Luisi or the conduct of Officer Bays was a substantial factor in causing plaintiff's harm.

If you find that each of these elements has been proved by plaintiff by a preponderance of the evidence, your verdict should be for plaintiff on the California state-law claim.  If, on the other hand, plaintiff has failed to prove one or more of these elements, your verdict should be for the defendants.

31.

The First Amendment to the United States Constitution states that "Congress shall make no law . . . abridging the freedom of speech."  The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.  The First Amendment

1  guarantees an individual's right to oppose or challenge police action verbally without thereby
2  risking arrest.  The First Amendment, however, does not protect language that is likely to
3  produce a clear and present danger of a serious substantive evil that rises far above public
4  inconvenience, annoyance, or unrest.  Police officers may resent having abusive language
5  directed at them, but they may not exercise their authority to punish individuals for conduct that
6  is protected by the First Amendment.

32.

That concludes the instructions on the issue of liability.  Now I will discuss the issue of damages.  It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  The party seeking damages has the burden of proving damages by a preponderance of the evidence.

33.

You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, if you determine that a party is entitled to recover, you should compensate a party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

34.

If you award damages on multiple claims, you must also indicate a total to eliminate any overlapping damages and to prevent double counting, as set forth in the special verdict form.

35.

In determining the measure of damages, you should consider:

(1) The nature and extent of the injuries;

(2) The disability, or loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

  (3) The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

36.

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

  (1) That the plaintiff failed to use reasonable efforts to mitigate damages; and

  (2) The amount by which damages would have been mitigated.

37.

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

38.

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant or defendants and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that a defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

15

1 You may impose punitive damages against one defendant and not the other, or both, or
2 against neither of them. You may award different amounts against different defendants.
3 Punitive damages may be awarded even if you award plaintiff only nominal, and not
4 compensatory, damages.

39.

6 "Malice" means conduct which was intended to cause injury to plaintiff or despicable
7 conduct which was carried on with a willful and conscious disregard for the rights or safety of
8 others.

9 "Despicable conduct" is conduct which is so vile, base, contemptible, miserable,
10 wretched or loathsome that it would be looked down upon and despised by ordinary decent
11 people. A person acts with conscious disregard of the rights or safety of others when he or she is
12 aware of the probable dangerous consequences of his or her conduct and willfully and
13 deliberately fails to avoid those consequences.

14 "Oppression" means despicable conduct that subjects a person to cruel and unjust
15 hardship in conscious disregard of that person's rights.

16 "Fraud" means an intentional misrepresentation, deceit or concealment of a material fact
17 known to the defendant with the intention on the part of the defendant of thereby depriving a
18 person of property or legal rights or otherwise causing injury.

40.

20 When you begin your deliberations, you should elect one member of the jury as your
21 foreperson. That person will preside over the deliberations and speak for you here in court.

22 You will then discuss the case with your fellow jurors to reach agreement if you can do
23 so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you
24 must decide the case for yourself, but you should do so only after you have considered all of the
25 evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

26 Do not be afraid to change your opinion if the discussion persuades you that you should.
27 Do not come to a decision simply because other jurors think it is right. It is important that you
28 attempt to reach a unanimous verdict but, of course, only if each of you can do so after having

16

made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

41.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

42.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. A work copy of these jury instructions for each of you;
3. A work copy of the verdict form for each of you; and
4. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

43.

A United States Marshal will be outside the jury-room door during your deliberations.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise,

until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

44.

You have been required to be here each day from 7:30 A.M. to 1:00 P.M.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

45.

You may only deliberate when all of you are together.  This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

46.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict.  The

foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: **[ONLY SIGN AND DATE AFTER INSTRUCTION READ TO THE JURY]**

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE