IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. TUTTELMAN,

    Plaintiff,

  v.

CITY OF SAN JOSE, SAN JOSE POLICE OFFICER ANTHONY LUISI, SAN JOSE POLICE OFFICER RONALD BAYS,

    Defendants.

No. C 02-02656 WHA

**ORDER RE PLAINTIFF'S CERTIFICATION TO THE DISTRICT COURT THAT DEFENDANTS' TRANSCRIPT DESIGNATIONS ARE UNNECESSARY TO THE APPEAL**

Pursuant to Ninth Circuit Rule 10.3-1(f), plaintiff filed a certificate with the Court that defendants' transcript designations are unnecessary to the appeal. Plaintiff requests that the Court order defendants to pay the cost of additional portions of the transcript. The additional portions were designated as:

> (1) The initial case management conference before Judge Jeremy Fogel on September 23, 2002;
>
> (2) The telephonic conference between this Court and counsel on October 27, 2006;
>
> (3) The proceedings before the start of trial from October 30, 2006, through November 1, 2006, to the extent that they were reported;
>
> (4) Plaintiff's opening statement on October 30, 2006;

  (5) The proceedings before the start of trial on November 2, 2006, to the extent that they were reported, including, but not limited to, the final conference regarding jury instructions;

  (6) Plaintiffs' closing argument on November 2, 2006;

  (7) The proceedings at the end of each trial day from October 30, 2006, through November 1, 2006, to the extent that they were reported;

  (8) The proceedings during all trial breaks from October 30, 2006, through November 1, 2006, to the extent that they were reported; and

  (9) The testimony of Dr. Beth Keegstra.

Plaintiff does not need to pay for designation (1), the initial case management conference before Judge Jeremy Fogel on September 23, 2002, because it was not reported. Furthermore, because defendants agreed to withdraw the request in a facsimile dated March 16, 2007, plaintiff need not pay for designation (2), the proceedings of the October 27, 2006 telephone conference. In the same facsimile, defendants agreed to withdraw the request for designation (4) plaintiff's opening statement, but they reasserted the request in their opposition, claiming that "[p]roviding only Defendants' opening statement and closing argument and excluding Plaintiff's opening and closing would improperly slant the record." This order agrees. Plaintiff is ordered to pay for the rest of defendants' transcript designations, which should be made part of the record.

  **IT IS SO ORDERED.**

Dated: November 5, 2007.

            WILLIAM ALSUP
            UNITED STATES DISTRICT JUDGE

2